

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2007

# In Re: Marc Ramirez

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2040

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Marc Ramirez " (2007). *2007 Decisions*. Paper 1057.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1057

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2040

IN RE: MARC RAMIREZ
                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ No. 07-cv-00050)

_____

Submitted Under Rule 21, Fed. R. App. P.
April 20, 2007
Before:  CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES.
Filed: May 30, 2007

_____

OPINION
_____

PER CURIAM.

Pro se petitioner Marc Ramirez seeks a writ of mandamus to compel the

United States District Court for the Middle District of Pennsylvania to reach an

immediate decision on his petition for a writ of habeas corpus.

Petitioner filed his habeas petition on January 10, 2007.  On February 5,

2007, the Respondent filed his answer.  Petitioner then filed a traverse on February 22,

1

2007.  On April 5, 2007, Petitioner filed this petition seeking a writ of mandamus.

The remedy of mandamus is reserved for the most extraordinary of circumstances.  DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982).  To ensure that mandamus relief is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable."  Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (quoting United States v. Duell, 172 U.S. 576, 582 (1899))).  Here, Petitioner seeks an order directing the District Court to rule immediately on his petition for writ of habeas corpus.   Petitioner has not demonstrated that his right to such a ruling is "clear and indisputable."

As we have previously held, the management of its docket is committed to the sound discretion of the district court.  In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable."  Allied Chem. Corp., 449 U.S. at 35-36.  Nonetheless, we have held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Petitioner has not demonstrated undue delay in this case.  Petitioner's habeas petition was not ripe for disposition until February 22, 2007, when he filed his traverse. When Petitioner filed his mandamus petition, only six weeks had elapsed.

2

Under such circumstances, we cannot say that there has been any delay in this habeas proceeding.  We trust that the District Court, in light of the claims involved in this habeas petition, will respond to the parties' filings and reach a decision in an expeditious manner.

Accordingly, we will deny the petition for a writ of mandamus.

Petitioner's motion to expedite the consideration of his mandamus petition is denied as moot.